UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

ANDRE W. HONEYCUTT,

    Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

Case No. 1:13-cv-151

Honorable Joseph G. Scoville

**OPINION**

This is a social security action brought under 42 U.S.C. §§ 405(g), 1383(c)(3) seeking review of a final decision of the Commissioner of Social Security finding that plaintiff was not entitled to disability insurance benefits (DIB) or supplemental security income (SSI) benefits. On May 8, 2007, plaintiff filed his applications for benefits alleging a May 19, 2007 onset of disability. His claims were denied on initial review. On February 7, 2011, he received a hearing before an administrative law judge (ALJ), at which he was represented by counsel.[1] (A.R. 48-98). Plaintiff's testimony revealed that in 2009 he had traveled independently by Greyhound bus to Arizona and worked from March through September as a reservations assistant at the El Tovar, a "four-or-five star restaurant/hotel" located in Grand Canyon National Park. (A.R. 64-67). In light of plaintiff's testimony regarding his work in Arizona, at the close of the hearing, he amended his alleged onset date to October 1, 2009. (A.R. 97). On May 26, 2011, the ALJ issued his decision finding that

---

[1] The Appeals Council vacated an earlier decision by a different ALJ. (A.R. 60-62; *see also* A.R. 101-40, 149-55).

plaintiff was not disabled. (A.R. 29-40). On December 11, 2012, the Appeals Council denied review (A.R. 5-7), and the ALJ's decision became the Commissioner's final decision.

Plaintiff filed a timely *pro se* complaint seeking judicial review of the Commissioner's decision. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, the parties voluntarily consented to have a United States magistrate judge conduct all further proceedings in this case, including entry of final judgment. (docket # 15). Plaintiff argues that the Commissioner's decision should be overturned on the following grounds:

1. Plaintiff should be allowed to revert to May 19, 2007 as his alleged onset of disability date because the ALJ promised that he would grant a fully favorable decision if plaintiff changed his alleged onset of disability date to October 1, 2009. (Plf. Brief at 1, docket # 17, ID# 1426).

2. Plaintiff's work in Arizona at the Grand Canyon should be considered a failed work attempt because he "lived on a campus in a roommate/dormitory like setting with cafeterias and campus transportation. [His] living situation was similar to a college student living on campus." (*Id.* at 2, ID# 1427).

3. Plaintiff's work in Arizona did not rise to the level of substantial gainful activity. (*Id.* at 3, ID# 1428).

4. The ALJ's factual finding that there were a significant number of jobs in the region that plaintiff was capable of performing is not supported by substantial evidence. (*Id.* at 4-5, ID#s 1429-30).

5. The ALJ misconstrued "a lot of situations." (*Id.* at 6-8, ID#s 1431-33).

The Commissioner's decision will be affirmed.

**Standard of Review**

When reviewing the grant or denial of social security benefits, this court is to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner correctly applied the law. *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124,

125 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Substantial evidence is defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Heston v. Commissioner*, 245 F.3d 528, 534 (6th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see Rogers v. Commissioner*, 486 F.3d 234, 241 (6th Cir. 2007). The scope of the court's review is limited. *Buxton*, 246 F.3d at 772. The court does not review the evidence *de novo*, resolve conflicts in evidence, or make credibility determinations. *See Ulman v. Commissioner*, 693 F.3d 709, 713 (6th Cir. 2012); *Walters v. Commissioner*, 127 F.3d 525, 528 (6th Cir. 1997). "The findings of the [Commissioner] as to any fact if supported by substantial evidence shall be conclusive . . . ." 42 U.S.C. § 405(g); *see McClanahan v. Commissioner*, 474 F.3d 830, 833 (6th Cir. 2006). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. . . . This is so because there is a 'zone of choice' within which the Commissioner can act without fear of court interference." *Buxton*, 246 F.3d at 772-73. "If supported by substantial evidence, the [Commissioner's] determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently." *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993); *see Gayheart v. Commissioner*, 710 F.3d 365, 374 (6th Cir. 2013)("A reviewing court will affirm the Commissioner's decision if it is based on substantial evidence, even if substantial evidence would have supported the opposite conclusion."). "[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Commissioner*, 336 F.3d 469, 477 (6th Cir. 2003); *see Kyle v. Commissioner*, 609 F.3d 847, 854 (6th Cir. 2010).

## Discussion

The ALJ found that plaintiff met the disability insured requirement of the Social Security Act from October 1, 2009, through the date of the ALJ's decision. (A.R. 32). Plaintiff had not engaged in substantial gainful activity on or after October 1, 2009. (A.R. 32). Plaintiff had the following severe impairments: paranoid schizophrenia, bipolar disorder, depressive disorder NOS, and a psychotic disorder. (A.R. 32). Plaintiff did not have an impairment or combination of impairments which met or equaled the requirements of the listing of impairments. (A.R. 36). The ALJ found that plaintiff retained the residual functional capacity (RFC) for a full range of work at all exertional levels, with the following nonexertional limitations: "claimant is limited to simple, routine, repetitive tasks, not performed in a fast-paced production environment involving only simple work-related decisions; in general, relatively few work place changes; occasional interaction with supervisors and co-workers; and who must avoid all interaction with the general public." (A.R. 36). The ALJ found that plaintiff's testimony regarding his subjective limitations was not fully credible. (A.R. 36-38). Plaintiff could not perform any past relevant work. (A.R. 38). Plaintiff was 34-years-old as of the date of his alleged onset of disability and 38-years-old on the date of the ALJ's decision. Thus, at all times relevant to his claims for DIB and SSI benefits, plaintiff was classified as a younger individual. (A.R. 38). Plaintiff has at least a high-school education and is able to communicate in English. (A.R. 38). The ALJ found that the transferability of jobs skills was not material to a determination of disability. (A.R. 39). The ALJ then turned to the testimony of a vocational expert (VE). In response to a hypothetical question regarding a person of plaintiff's age with his RFC, education, and work experience, the VE testified that there were approximately 7,500 jobs in the lower half of Michigan's Lower Peninsula that the hypothetical person would be capable

of performing. (A.R. 93-95). The ALJ found that this constituted a significant number of jobs and that plaintiff was not disabled. (A.R. 39-40).

**1.**

Plaintiff argues that he should be allowed to revert to May 19, 2007, as his alleged onset of disability date because the ALJ "stated at the hearing that he would grant [plaintiff] a fully favorable decision if [he] changed [his] onset date." (Plf. Brief at 1, docket # 17, ID# 1426; Reply Brief at 4-5, docket # 23, ID#s 1483-84). This argument finds no support in the administrative record. The court conducts its appellate review of the Commissioner's final administrative decision on the basis of the certified administrative record (*see* Certification, docket # 6, ID # 16) and under a deferential statutory standard of review. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). There is no evidence that the ALJ made any promise to plaintiff or his attorney. (A.R. 48-98). The certified administrative record shows that plaintiff, with the assistance of counsel, elected to amend his alleged onset of disability date. (A.R. 97, 373). The alleged onset of disability date in this case is October 1, 2009.

**2.**

Plaintiff argues that the work he performed in Arizona should be considered a failed work attempt because he "lived on a campus in a roommate/dormitory like setting with cafeterias and campus transportation. [His] living situation was similar to a college student living on campus." (Plf. Brief at 2, ID# 1427). In 2009, plaintiff traveled by bus to Arizona and worked as a "host and advanced reservations representative" at the El Tovar hotel and restaurant in Grand Canyon National Park. (A.R. 64-67). Unsuccessful work attempts pertain to failed attempts to rejoin the work force

*after* the alleged onset of disability.² *See* 20 C.F.R. §§ 404.1574(c), 416.947(c). Plaintiff performed his work in Arizona *before* his alleged onset of disability. Plaintiff's work in Arizona was not an unsuccessful work attempt. *See Coleman v. Commissioner*, No. 12-10809, 2013 WL 1316913, at * 9 (E.D. Mich. Feb. 27, 2013).

**3.**

Plaintiff argues that his work in 2009 did not rise to the level of substantial gainful activity (SGA). (Plf. Brief at 3, ID# 1428). The SGA threshold in 2009 was $980 per month. *See* http://www.socialsecurity.gov/OACT/COLA/sga.html (last visited March 25, 2014). Plaintiff worked for seven months in Arizona and earned $8,314. (A.R. 32, 65, 330-31). Earnings are "averaged only over the months worked." *Anderson v. Heckler*, 726 F.2d 455, 457-58 (8th Cir. 1984); *see Ramirez v. Colvin*, No. CV-13-4396, 2014 WL 292016, at * 2-3 (C.D. Cal. Jan. 27, 2014); *Dixon v. Commissioner*, No. 3:11-cv-482, 2012 WL 2826970, at * 15 (N.D. Ohio July 10, 2012). Plaintiff earned an average of $1,187 per month, in excess of the SGA threshold. This almost certainly is the reason why plaintiff's attorney counseled him to amend his alleged onset of disability date to October 1, 2009. (A.R. 32, 97). If plaintiff's work at the El Tovar had been within the period he claimed to have been disabled, the ALJ would have found that he was not disabled at step 1 of the sequential analysis.³

---

²The result would not be altered if the law allowed plaintiff to revert to an alleged onset of disability in 2007. Work "performed at the substantial gainful activity earnings level for more than 6 months" cannot be considered an unsuccessful work attempt, "regardless of why it ended or was reduced below the substantial gainful activity earnings level." *Smith v. Astrue*, No. 10-cv-12648, 2011 WL 3897800, at * 2 (E.D. Mich. Sept. 6, 2011); 20 C.F.R. §§ 404.1574(c)(5), 416.974(c)(5).

³"Administrative law judges employ a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Social Security Act." *Warner v. Commissioner*, 375 F.3d 387, 390 (6th Cir. 2004). Under the sequential analysis, "The claimant must first show that []he

**4.**

Plaintiff argues that the ALJ's factual finding that there are a significant number of jobs in the regional economy that he is capable of performing is not supported by substantial evidence. (Plf. Brief at 4-5, ID#s 129-30; Reply Brief at 4, ID# 1483). The VE identified 7,500 jobs in the lower half of Michigan's Lower Peninsula that a hypothetical person of plaintiff's age with his RFC, education, and work experience would be capable of performing. (A.R. 93-95). This constitutes a significant number of jobs. *See Lee v. Sullivan*, 988 F.2d 789, 794 (7th Cir. 1993) (1,400 is a significant number and collecting cases where as few as 174 positions were found to be a significant number); *Hall v. Bowen*, 837 F.2d 272, 275 (6th Cir. 1988) (1,350 is a significant number); *Martin v. Commissioner,* 170 F. App'x 369, 375 (6th Cir. 2006) (870 jobs is a significant number); *see also Nejat v. Commissioner*, 359 F. App'x 574, 579 (6th Cir. 2009) (collecting cases holding that as few as 500 jobs constituted a significant number). It is well settled that a VE's opinion, given in response to an accurate hypothetical, is sufficient to satisfy the substantial evidence test.

---

is not engaged in substantial gainful activity. Next, the claimant must demonstrate that []he has a 'severe impairment.' A finding of 'disabled' will be made at the third step if the claimant can then demonstrate that h[is] impairment meets the durational requirement and 'meets or equals a listed impairment.' If the impairment does not meet or equal a listed impairment, the fourth step requires the claimant to prove that []he is incapable of performing work that []he has done in the past. Finally, if the claimant's impairment is so severe as to preclude the performance of past work, then other factors, including age, education, past work experience, and residual functional capacity, must be considered to determine if other work can be performed. The burden shifts to the Commissioner at this fifth step to establish the claimant's ability to do other work." *White v. Commissioner*, 572 F.3d 272, 282 (6th Cir. 2009).

**5.**

Plaintiff argues that the ALJ misconstrued "a lot of situations." (Plf. Brief at 6-8, ID#s 1431-33; Reply Brief at 1-5, ID#s 1480-84). For example, he takes issue with the ALJ's observation that plaintiff "did some sightseeing in Arizona." (A.R. 36). Plaintiff testified: "I did some sightseeing, but not much." (A.R. 66). The ALJ did not misconstrue plaintiff's testimony. None of the purported inaccuracies in the ALJ's opinion provides a basis for disturbing the Commissioner's decision.

Plaintiff emphasizes portions of the medical record that he believes support his claims for DIB and SSI benefits. His burden on appeal is much higher than identifying evidence on which the ALJ could have based a finding in his favor. "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. . . . This is so because there is a 'zone of choice' within which the Commissioner can act without fear of court interference." *Buxton*, 246 F.3d at 772-73. "[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Commissioner*, 336 F.3d at 477. The ALJ's decision easily passes scrutiny under this deferential standard of review.

## **Conclusion**

For the reasons set forth herein, a judgment will be entered affirming the Commissioner's decision.

Dated: March 25, 2014         /s/ Joseph G. Scoville
                              United States Magistrate Judge